UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **NEGOTIATED DATA SOLUTIONS, INC.,** § <br> *Plaintiff,* § <br> § <br> § <br> **V.** § <br> § <br> **APPLE, INC., et al.,** § <br> *Defendants.* § | **CAUSE NO. 2:11-CV-390-JRG** |

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction**

Before the Court is Defendant Apple Inc.'s ("Apple") Motion to Sever and Transfer Claims to the U.S. District Court for the Northern District of California (Dkt. No. 97). After carefully considering the parties' written submissions and the argument of counsel, the Court **DENIES** the Motion.

**II.   Facts and Procedural Background**

On September 7, 2011, Negotiated Data Solutions, Inc. ("NData") sued Apple and five other groups of Defendants alleging infringement of four patents based on the Defendants' implementation of Universal Serial Bus ("USB") technology. (Dkt. No. 1.) NData believes that the Defendants in this case are properly joined "based on the logical relationship between Defendants and the overlapping USB technology each uses in the products accused of infringement." (Dkt. No. 109, at 1.) In the present motion, Apple contends that it has been improperly joined with the other Defendants according to the standard enunciated by recent Federal Circuit case law, seeks severance from the other Defendants in this case and transfer to the United States District Court for the Northern District of California based on 28 U.S.C. § 1404(a).

1

### III. Legal Standard

According to Fed. R. Civ. P. 20(a)(2), "Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." The Federal Circuit recently clarified that, in patent cases, "joinder is not appropriate where different products and processes are involved." *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). "Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are coincidentally identical." *Id*. The "mere fact that infringement of the same claims of the same patent is alleged does not support joinder, even though the claims would raise common questions of claim construction and patent invalidity." *Id*. at 1357.

However, the Federal Circuit also made clear that *In re EMC* is not an absolute bar to joinder. Rather, "the fact that the defendants are independent actors does not preclude joinder as long as their actions are part of the 'same transaction, occurrence, or series of transactions or occurrences.'" *In re EMC*, 677 F.3d at 1356. The "transaction or occurrence" test is applied on a case-by-case basis "based on a flexib[le] … standard [that] enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." *Id*. The Supreme Court has held that under the Federal Rules of Civil Procedure "the impulse is toward entertaining the broadest scope of action consistent with the fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Id*. (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

IV.     Analysis

Apple argues that it is entitled to severance because there is "no link between the facts underlying each of NData's infringement claims against the defendants" and because Apple's allegedly infringing acts do not share an aggregate of operative facts with the other defendants." (Dkt. No. 97, at 8.)  The Court disagrees.

According to *In re EMC*, "joinder is only appropriate where the accused products or processes are the same in respects relevant to the patent." *In re EMC*, 677 F.3d at 1359.  The basis for each of NData's infringement allegations against the Defendants in this case relates to the USB technology in the accused products.  NData contends that the USB technology incorporated into each of the accused products infringes the asserted patents by complying with established USB standards.  Since each of the products are tied to the same standard, the allegations against them are therefore the "same in respects relevant to the patent," particularly in light of the Defendants' advertised compliance with such standards.

However, in addition to finding that the accused products are the same in respects relevant to the patent, this Court must find that "there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id*.  In this case, there are several "actual links" between the facts underlying each claim of infringement against each Defendant, which links involve accused products comprising ***commonly*** sourced parts.  Synopsys, a non-party, supplies USB IP core technology to each of the named Defendants. (Dkt. No. 117.)  Also, Samsung, a Defendant in this case with Apple, supplies the USB microchips that are used in practically all of the Apple products that NData accuses of infringement. (Dkt. No. 109, at 1.)  NData has shown – and Apple has not refuted –

that all of the accused products operate the same way relative to the patents (by complying with the USB 2.0 standard) and that all of the accused products incorporate technology sourced from the same company (Synopsys). This Court believes that these are precisely the sort of "actual links" that the Federal Circuit had in mind when it discussed the propriety of joinder in patent cases.

The Federal Circuit has outlined several pertinent factual considerations to determine whether the joinder test is satisfied: (1) infringement during the same time period; (2) the relationship between the parties; (3) the use of identically sourced components; (4) licensing or technology agreements between defendants; (5) overlap of product development and/or manufacture; and (6) lost profits. *In re EMC*, 677 F.3d at 1359-60. In this case, the first five factors indicate that joinder is proper and the last factor does not apply. *First*, each of the Defendants' infringement is ongoing and therefore occurring during the same time period. *Second*, Samsung manufactures and supplies the Apple A5, Apple A4, Samsung S5PC100 and Samsung S5L8XXX components containing the microprocessor and related USB controller circuitry in Apple's accused products. (Dkt. No. 109, at 5.) *Third*, all of the Defendants in this case source a critical component of the accused products, USB IP cores, from the same company. (Dkt. No. 117.) *Fourth*, the manufacturing relationship between Apple and Samsung is surely governed by a supplier agreement. Additionally, it is almost certain that Synopsys and each of the Defendants in this case have a relationship governed by a supplier agreement or other contract. *Fifth*, Apple and Samsung develop their application processors in collaboration with each other. In sum, the "sameness" of the accused products relative to the asserted patents and the many actual links between the infringement claims against Apple and the other Defendants indicates that Apple has been properly joined in this action.

Separately, joinder is also proper due to the very nature of NData's infringement claims against Apple and Samsung. NData has alleged infringement under 35 U.S.C. § 271(f), which provides for joint and several liability where a party contributes to or induces infringement overseas using components supplied from the US. The basis for NData's allegation is that both Apple and Samsung cause Apple A5 processors to be supplied to Apple's contract manufacturers from Samsung's facility in Austin, Texas, rendering both jointly liable under § 271(f). This independent basis for Apple's joinder supplies an additional and stand-alone reason showing that NData has properly named Apple a Co-Defendant based upon its claim of joint liability under § 271(f) between Apple and Samsung.

V.     **Conclusion**

Apple is properly joined in this case. This result is supported by the several overlapping facts stemming from the infringement allegations against each of the Defendants, including (1) the Defendants' compliance with USB standards; (2) the manufacturing relationship between Apple and Samsung; and (3) Synopsys' role as a common supplier of IP Core technology to all of the Defendants. Separately, joinder is also proper because NData properly pleads a claim for joint infringement against Apple and Samsung under 35 U.S.C. § 271(f). Having found joinder to be proper, the Court does not reach the question of whether NData's claims against Apple should be transferred to the Northern District of California according to 28 U.S.C. § 1404(a). For these reasons, the Court **DENIES** Apple's Motion to Sever and Transfer.

**So ORDERED and SIGNED this 10th day of December, 2012.**

                                                      RODNEY GILSTRAP  
                                                     UNITED STATES DISTRICT JUDGE